## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Confidential Settlement and Release Agreement ("Agreement") is hereby entered into by and between Christine Bentley and Michelle Belnavis as Plaintiffs and Harvest-Towson, Inc. (collectively, the "Parties").

## RECITALS

WHEREAS, Christine Bentley and Michelle Belnavis have been employed by Harvest-Towson, Inc.;

WHEREAS, certain disputes have arisen between the Parties with respect to monies allegedly owed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and the Maryland Code, Labor & Employment Art. § 3-401, et. seq. ("FLSA Dispute");

WHEREAS, Christine Bentley and Michelle Belnavis filed a Lawsuit against Harvest-Towson, Inc. ("Lawsuit");

WHEREAS, the Parties, without admitting any liability whatsoever in any respect, desire to resolve and settle any and all disputes arising out of the employment, including the FLSA Dispute, solely out of mutual desire to forego the further expenditure of time and expense related to the said disputes on the terms described herein;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, it is hereby agreed by and among the Parties as follows:

## AGREEMENT

1.  Recitals. The above Recitals are incorporated herein by reference

2.  Payment. In consideration for Christine Bentley and Michelle Belnavis's execution and non-revocation of this Agreement,

    a.  Harvest-Towson, Inc. agrees to pay to Christine Bentley a total amount of one-thousand five hundred dollars ($1,500.00) ("Payment").

    b.  Harvest-Towson, Inc. agrees to pay to Michelle Belnavis a total amount of one-thousand five hundred dollars ($1,500.00) ("Payment").

    c.  Harvest-Towson, Inc. agrees to pay to the Law Practice of Ken C. Gauvey a total amount of two-thousand four-hundred and thirty-one dollars and fifty cents ($2,431.50) ("Payment").

    All checks shall be delivered to The Law Practice of Ken C. Gauvey, 4334 Farragut Street, Suite I, Hyattsville, MD 20781 within seven (7) business days following the approval of this Agreement, as set forth in Paragraph 3, below.

d. Christine Bentley and Michelle Belnavis shall be responsible for all taxes related to this payment. Harvest-Towson, Inc. shall issue each a 1099 at the end of the year.

e. The Parties further acknowledge and agree that the payments set forth above in this Paragraph 2 is in settlement of all of the Plaintiffs' *contested* claims, including claims for wages, liquidated damages, and other non-wage damages and attorneys' fees and costs. Therefore, the payments are not wages or compensation for services rendered. Christine Bentley and Michelle Belnavis agree that the foregoing Payments shall constitute a full and complete settlement of the FLSA Dispute and shall constitute the entire amount of monetary consideration provided to them under this Agreement. Christine Bentley and Michelle Belnavis further agree that they will not seek any further compensation for any other claimed damages, costs or attorneys' fees in connection with the matters encompassed in this Agreement. Christine Bentley and Michelle Belnavis also acknowledge the sufficiency of the consideration.

f. Moreover, Christine Bentley and Michelle Belnavis warrant that they are not nonresident aliens subject to any withholding taxes, as defined under the Internal Revenue Code. Accordingly, the Parties agree, based in part on the warranties provided by Christine Bentley and Michelle Belnavis, that the foregoing payments are not subject to employment taxes, and nonresident alien or income tax withholding. However, in the event that the above-referenced payments or any portions thereof are deemed by the Internal Revenue Service or any taxing authority to be taxable as wages, or that any of Christine Bentley and Michelle Belnavis' warranties concerning their immigration status are false and that nonresident withholdings must be taken, Christine Bentley and Michelle Belnavis agree to assume any and all responsibility for taxes, penalties, interest or other amounts that may be imposed on Harvest-Towson, Inc., and any of their agents, by any such taxing authority with respect to such payments. Christine Bentley and Michelle Belnavis will indemnify and hold Harvest-Towson, Inc., and any of their agents, harmless for any liability for any share of their employment or withholding taxes due, and for any interest or penalties thereon, imposed with respect to such payment made pursuant to this Agreement.

3. <u>Approval By Court / Dismissal With Prejudice</u>: Upon full execution of this Agreement, counsel for Harvest-Towson, Inc. shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion"). The Motion is attached to this Agreement as Exhibit A. The Motion shall request that the Court approve this Agreement and dismiss this case with prejudice. The Parties agree that this Agreement is contingent upon the U.S. District Court for the District of Maryland's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the District of Maryland not approve all the material terms of this Agreement, the Agreement will be null and void and no legal effect. No party shall have the right to appeal any decision, order, or judgment entered in this Lawsuit.

4. <u>No Admission of Liability.</u> The Parties understand that this Agreement, and compliance with this Agreement, shall not be construed as an acknowledgment or admission of any liability whatsoever by or on behalf of Harvest-Towson, Inc., or as an acknowledgment or admission by Harvest-Towson, Inc. of any violation of the rights of Harvest-Towson, Inc, and that the resolution of the claims in the FLSA Dispute through settlement is not to be construed as an admission of liability or of the truth or legal merit of any of Christine Bentley and Michelle Belnavis's allegations, claims or causes of action that were or could have been asserted in the

FLSA Dispute.

5.      No Effect in Any Other Action or Proceeding.  Neither this Agreement nor anything in it shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by Harvest-Towson, Inc.

6.      General Release of Harvest-Towson, Inc.  Christine Bentley and Michelle Belnavis agree that, in consideration of the Payment described in Section 2, above, they will, and hereby does, forever and irrevocably release and discharge Harvest-Towson, Inc., and its respective present and former owners, parent corporations, subsidiaries, affiliates, associates, divisions, subdivisions, principals, predecessors, successors, assigns, directors, officers, members, employees, agents, attorneys, insurers, and all persons acting by, through, under or in concert with them (collectively, the "Releasees"), from any and all claims, actions, causes of action, damages of any kind, demands, debts, defenses, grievances, obligations, contracts, promises, judgments, expenses, costs, attorneys' fees, compensation, and liabilities, known or unknown, suspected or unsuspected, whether the same be at law, in equity, or mixed, in any way arising from or relating to any act, occurrence, or transaction on or before the date of his signing of this Agreement, including without limitation his employment and separation of employment from Harvest-Towson, Inc. **THIS IS A GENERAL RELEASE.** Christine Bentley and Michelle Belnavis expressly acknowledges that the Released Claims includes, but is not limited to, Christine Bentley and Michelle Belnavis's intent to release Harvest-Towson, Inc. from any claim relating to their employment at Harvest-Towson, Inc., including, but not limited to, tort and contract claims, claims for contribution or indemnity, wrongful discharge claims, pension claims, employee benefit claims, severance benefits, arbitration claims, statutory claims, injunction claims, claims for damages, claims under any state, local or federal wage and hour law or wage payment or collection law including the FLSA Dispute, and claims of discrimination, retaliation or harassment, or any other claim arising under Section 1981 of the Civil Rights Act of 1866, the Title VII of the Civil Rights Acts of 1964 and 1991 as amended, the Americans With Disabilities Act, the Rehabilitation Act of 1973, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Family and Medical Leave Act, the Maryland Fair Employment Practices Act (Title 20 of the Maryland Code), or other laws of the State of Maryland and any other law, statute, regulation or ordinance prohibiting employment discrimination or governing employment that may reasonable exist from the beginning of Christine Bentley and Michelle Belnavis's employment with Harvest-Towson, Inc. until the date of the execution of this Agreement.

7.      General Release of Christine Bentley and Michelle Belnavis.  Harvest-Towson, Inc. agrees that, in consideration of the release described above, it will, and hereby does, forever and irrevocably release and discharge Christine Bentley and Michelle Belnavis, and their successors, assigns, agents, attorneys, insurers, and all persons acting by, through, under or in concert with them (collectively, the "Releasees"), from any and all claims, actions, causes of action, damages of any kind, demands, debts, defenses, grievances, obligations, contracts, promises, judgments, expenses, costs, attorneys' fees, compensation, and liabilities, known or unknown, suspected or unsuspected, whether the same be at law, in equity, or mixed, in any way arising from or relating to any act, occurrence, or transaction on or before the date of his signing of this Agreement, including without limitation their employment and separation of employment from Harvest-Towson, Inc. until the date of the execution of this Agreement. **THIS IS A GENERAL RELEASE.**

8. **RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION.** Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the General Release and the Non-Disparagement and Non-Publicity obligations, is intended to, or will, preclude Christine Bentley and Michelle Belnavis from filing any charge or complaint with any government agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Harvest-Towson, Inc. from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. However, by signing this agreement, Christine Bentley and Michelle Belnavis agree and acknowledge that they are waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Christine Bentley and Michelle Belnavis are entitled regarding anything occurring on or before the date on which they sign this Agreement, including anything regarding their alleged employment with Harvest-Towson, Inc. and/or the termination of that relationship.

9. Medicare Warranty. Christine Bentley and Michelle Belnavis warrant that neither of them is a Medicare beneficiary as of the date of this Agreement. Because neither Christine Bentley and Michelle Belnavis are a Medicare recipient as of the date of this Agreement, no conditional payments have been made to either of them by Medicare. Christine Bentley and Michelle Belnavis will indemnify, defend, and hold Harvest-Towson, Inc. harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from Harvest-Towson, Inc. and/or Harvest-Towson, Inc's insurance companies and/or reinsurance companies relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to Christine Bentley and Michelle Belnavis' alleged injuries, claims, or the Complaint, Christine Bentley and Michelle Belnavis will defend and indemnify Harvest-Towson, Inc. and hold Harvest-Towson, Inc. harmless from any and all such damages, claims, liens, Medicare conditional payments, and rights to payment, including any attorneys' fees, sought by such entities. This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties resolved this matter in compliance with both state and federal law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms of this Agreement.

10. Non-Disparagement / Non-Publicity. The Parties represent and warrant that as of the execution date of this Agreement, that they will not hereafter make or solicit the making of any statement that serves to disparage, criticize or denigrate the other because of, or based upon the facts giving rise to this Lawsuit. Except as may be required to effect approval by the Court of this Agreement, and enforcement of this Agreement, the Parties will not seek out others or initiate any communications with others to disseminate any information concerning this Agreement or the Lawsuit, to the extent permitted by law. If others approach them with regard to this Lawsuit, the Parties will advise any such person that Harvest-Towson, Inc. denied all liability and that the Lawsuit settled. If asked for further information, the Parties may only

-4-

indicate to the person that the case was litigated in the United States District Court for the District of Maryland and that the person may access the Court's PACER system for further information regarding the Lawsuit. Without limitation, the Parties will not publicize the Lawsuit or this Agreement, nor will Christine Bentley and Michelle Belnavis direct other persons to their attorneys for the purpose of making claims against the Defendants, and will not blog, email, or post on any website any statements or information concerning this Lawsuit or this Agreement, nor shall they allow their respective spouse, accountants, and/or attorneys to do the same. Nothing in this paragraph shall prevent any Party from responding to any future legal claims, including claims for unemployment and/or workers' compensation. It is expressly understood that the non-disparagement provisions of this Agreement are substantive and material provisions of this Agreement and breach of this paragraph will support a cause of action for breach of contract and injunctive relief.

11.    No Other Claims. Christine Bentley and Michelle Belnavis represent and warrant that they have not filed, nor assigned to others the right to file, nor are there currently pending, any complaints, governmental charges or lawsuits against Harvest-Towson, Inc. (or any Releasee) other than the Lawsuit, and Christine Bentley and Michelle Belnavis hereby promise, to the fullest extent permitted by law and consistent with paragraph 8, that they will not file, or assign to others the right to file, or make any further claims against Harvest-Towson, Inc. and/or any of the Releasees, on behalf of themselves or others, at any time for actions taken up to and including the date Christine Bentley and Michelle Belnavis execute this Agreement. Christine Bentley and Michelle Belnavis waive all collective and/or class allegations and withdraw, and if filed, agree to dismiss same with prejudice, and neither Christine Bentley and Michelle Belnavis, nor their attorney, shall amend the Lawsuit or otherwise file additional pleadings, motions or papers, other than those pleadings, motions and/or papers necessary to seek approval of this Agreement or engage in enforcement proceedings.

12.    Binding Effect/Non-Transferability. The Parties agree that this Agreement shall be binding upon and inure to the benefit of the personal representatives, heirs, executors, and administrators of Christine Bentley and Michelle Belnavis and the heirs, executors, administrators, affiliates, successors, predecessors, subsidiaries, divisions, officers, purchasers, agents, assigns, representatives, directors and employees of Harvest-Towson, Inc.

13.    Severability. It is the intention of both Parties to abide by the terms of this Agreement. If any of the provisions, terms or clauses of this Agreement are declared illegal, unenforceable or ineffective, those provisions, terms and clauses shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain valid and binding upon the Parties to the fullest extent permitted by law.

14.    Entire Agreement. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. This Agreement may only be amended or modified by a writing signed by both of the Parties hereto. Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated otherwise.

15. <u>Construction.</u> This Agreement was negotiated and drafted with input from both Parties and their counsel. Therefore this Agreement shall be interpreted in accordance with the plain meaning of its terms, and not strictly for or against any of the Parties hereto.

16. <u>Governing Law.</u> This Agreement is made and entered into in the State of Maryland, and shall in all respects be interpreted, enforced and governed by and under the substantive law of the State of Maryland, without regard to any conflict of law.

17. <u>Revocation Period; Effective Date.</u> Christine Bentley and Michelle Belnavis acknowledges that they may revoke this Agreement for up to and including seven (7) days after his execution of this Agreement. Therefore, the "<u>Effective Date</u>" of this Agreement shall be the eighth day following Christine Bentley and Michelle Belnavis's execution of the same.

18. <u>Facsimile Signatures and Counterparts.</u> This Agreement may be executed in counterparts, and each counterpart, when executed shall have the efficacy of a signed original. Photocopy, electronic, or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

19. <u>Action to Enforce.</u> This Agreement is deemed by the Parties hereto to be made and entered into in the State of Maryland and in all respects shall be interpreted, enforced, and governed under the laws of the State of Maryland. The Parties agree that venue in any action to enforce any provision of this Agreement or for breach of this Agreement shall be the United States District Court for the District of Maryland, or if federal jurisdiction is not proper, a court of competent jurisdiction. In any action brought to enforce any provisions of this Agreement, the prevailing party shall be entitled to recover its reasonable costs of enforcement, including, without limitation, costs and reasonable attorneys' fees incurred therein, in addition to any other relief granted.

20. <u>Acknowledgement.</u> Christine Bentley and Michelle Belnavis acknowledge that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Christine Bentley and Michelle Belnavis enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Christine Bentley and Michelle Belnavis further represents that they have carefully read this Agreement, that they understands all of its terms, that they had a reasonable amount of time to consider their decision to sign it, that they had the opportunity to discuss all the terms of this Agreement with an attorney of his choice, that in executing this Agreement they do not rely and has not relied upon any representation or statement made by any of Harvest-Towson, Inc.'s agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement, and that they enter into this Agreement voluntarily, of their own free will, without any duress and with knowledge of its meaning and effect.

-6-

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the dates set forth below.

Dated: 11/24/15

**Christine Bentley**

By: _____
    Signature

Dated: 11/24/15

**Michelle Belnavis**

By: _____
    Signature

Dated: _____

**Harvest-Towson, Inc.**

By: _____
    Signature
Title:

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the dates set forth below.

Dated:_____  **Christine Bentley**

By:_____
    Signature

Dated:_____  **Michelle Belnavis**

By:_____
    Signature

Dated: 11/18/15  **Harvest-Towson, Inc.**

By: *[signature]*
    Signature
Title: President

-7-